acquired all the rights and privileges of a holder of the subscribed shares (Business Corporation Law, § 504, subd. [i]); the stock certificate was only evidence of their shareholder status and was not necessary to its creation (*United States Radiator Co.* v. *State of New York,* 208 N. Y. 144; *Arden Farms Co.* v. *State of New York,* 270 App. Div. 302, affd. 296 N. Y. 787; *Beals* v. *Buffalo Expanded Metal Constr. Co.,* 49 App. Div. 589). The failure of the corporation to issue the certificate was therefore not such a substantial breach of the purchase contract as entitled the buyers to rescind the purchase (*O'Herron* v. *Southern Tier Stores,* 9 A D 2d 568). Insofar as plaintiffs seek to attach liability for defendant's failure to repurchase the stock shares, there are issues of fact presented as to whether defendant made a subsequent agreement to repurchase the shares. (Appeal from judgment of Niagara Special Term in action to recover funds.) Present.— Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■ GEORGE A. COLE et al., Respondents, v. ROLY-DOOR SALES CO. OF ROCHESTER, INC., Defendant. ROLY-DOOR SALES CO. OF ROCHESTER, INC., Third-Party Plaintiff-Respondent, v. COLE SAND & GRAVEL CORP., Third-Party Defendant-Appellant, et al., Defendants. (Appeal No. 1) — Order unanimously affirmed, with costs. (See *Biss* v. *Town of Conquest,* 45 A D 2d 914.) (Appeal from order of Monroe Special Term striking certain affirmative defenses in negligence action.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■ GEORGE A. COLE et al., Respondents, v. ROLY-DOOR SALES CO. OF ROCHESTER, INC., Defendant. ROLY-DOOR SALES CO. OF ROCHESTER, INC., Third-Party Plaintiff-Respondent, v. COLE SAND & GRAVEL CORP., Third-Party Defendant-Appellant. (Appeal No. 2.)— Order unanimously affirmed. (See *Biss* v. *Town of Conquest,* 45 A D 2d 914.) (Appeal from order of Monroe Special Term striking certain paragraphs of answer in negligence action.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■ In the Matter of ATLANTIC TUG AND EQUIPMENT COMPANY, Appellant, v. TOWN OF TONAWANDA et al., Respondents.— Judgment unanimously affirmed, without costs. Memorandum: In this article 78 proceeding Special Term denied petitioner-appellant's application for judgment directing respondent town to award a contract to petitioner for the purchase of a diesel tractor. Petitioner was the lowest of three bidders. Respondent town awarded the contract to the second low bidder, rejecting petitioner's bid because of failure to comply with bid specifications. It is undisputed that petitioner's bid did contain six variations from the specifications. The record demonstrates that respondent town in good faith gave petitioner an opportunity to submit a bid in exact compliance with the specifications, but petitioner refused, claiming that the variations were immaterial, technical and unsubstantial. Petitioner asserts that the facts in *Matter of Resco Equip. & Supply Corp.* v. *City Council of City of Watertown* (34 A D 2d 1088) " were virtually identical to those at hand ". *Resco* stands for the principle that the competitive bidding provisions of subdivision 1 of section 103 of the General Municipal Law are violated when a municipality manipulates " the specifications so as to preclude true competitive bidding (*Gerzof* v. *Sweeney,* 16 N Y 2d 206, 209) ". In the instant case the fact that there were three bidders and that petitioner could have furnished equipment which met the specifications negates petitioner's contention that the specifications were tailor-made for respondent bidder. There was a rational basis for the administrative determination made by the town and it should not be disturbed (*Matter of Bielec Wrecking & Lbr. Co.* v. *McMorran,* 21 A D 2d 949, 951; *Matter of Caristo Constr. Corp.* v. *Rubin,* 15 A D 2d 561;